UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON SCOTT DUNKLE,<br><br>    Petitioner,<br><br>    v.<br><br>VINCENT CULLEN, Warden of<br>California State Prison at San Quentin,<br><br>    Respondent. | CASE NO. CV 06-04115 SBA<br><br>**DEATH PENALTY**<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART WITHOUT<br>PREJUDICE PETITIONER'S MOTION<br>FOR EQUITABLE TOLLING AND FOR<br>A STAY OF FEDERAL LITIGATION |

    Petitioner is a condemned inmate at San Quentin State Prison. On June 30, 2006, petitioner initiated the present capital habeas action by filing a request for appointment of counsel and a stay of his execution pending the completion of this action. On the same day, his request for a stay was granted and the matter was referred to the Selection Board for the recommendation of counsel to represent petitioner. To date, counsel has not been selected.

    On November 29, 2010, petitioner filed a pro se protective habeas petition, as well as a Motion for Equitable Tolling and for a Stay of Federal Litigation Until Appointment of Counsel. According to petitioner, the one-year statute of limitations applicable to federal habeas petitions, see 28 U.S.C. § 2244(d)(1) (2010), unless equitably tolled, expired on December 2, 2010. Petitioner filed his pro se protective petition in order to protect his rights to pursue federal habeas review and

to have assistance of counsel in doing so. He states that the protective petition is "admittedly deficient; because of extreme time pressures, the Petition has been quickly adapted from the pleadings filed in state court on appeal and on habeas proceedings." Mot. at 2. Petitioner seeks tolling for two consecutive time periods: 1) the number of days between the date of final judgment in state court on his conviction and sentence (December 2, 2009), and the date of appointment of counsel, which has not yet occurred, and 2) at least one additional year from the date of appointment of counsel to allow for the preparation of a complete amended petition. Finally, petitioner requests the Court to stay the litigation of his petition until counsel is appointed. His request for tolling and a stay is also based on his alleged incompetence.

The Supreme Court of the United States recently held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Florida, 560 U.S. ___, No. 09-5327, 2010 WL 2346549, at *3 (U.S. June 14, 2010). A federal habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id., at *12 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In capital habeas actions, an indigent petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2) (2010). This includes "a right to legal assistance in the preparation of a habeas corpus application." McFarland v. Scott, 512 U.S. 849, 856 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. Id. at 855–56. For these reasons, a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to appoint to represent the petitioner. See, e.g., Smith v. Ayers, No. 3-4-cv-3436-CRB (N.D. Cal. Jan. 8, 2009); Fairbank v. Woodford, No. 3-98-cv-1027-CRB (N.D. Cal. Sept. 26, 1999); Ervin v. Woodford, No. 4-0-cv-1228-CW (N.D. Cal. Nov. 14, 2001); Hughes v. Woodford, No. 3-3-cv-2666-JSW (N.D. Cal. Dec. 24, 2003). Indeed, it is frequently the case that "were [a c]ourt to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated." Smith, slip op. at 3.

It is also true, however, "that often the exercise of a court's equity powers must be made on a case-by-case basis." Holland, 2010 WL 2346549, at *12 (internal punctuation and citation omitted). In the present action, petitioner already has filed a timely pro se protective petition. While it may seem unlikely, it is possible that petitioner's counsel, once appointed, will determine that an amendment of the petition will not be necessary or that any amendment need not include any new claims, or it may be that any new claims will relate back to claims in the pro se protective petition. If so, there will be no need for equitable tolling. Even if there turns out to be a need for equitable tolling, it is entirely speculative at this point that appointed counsel will require a full year to prepare a petition; it therefore would be inappropriate for the Court to make such a presumption. Finally, any tolling or abeyance based on petitioner's alleged incompetence is likewise premature as it is not clear whether petitioner is presently incompetent.

In light of the above considerations, the Court concludes that petitioner's request for prospective equitable tolling is premature. The Court declines to make an equitable determination encompassing an undefined time period and unknown future events.

Accordingly, petitioner's request for equitable tolling is denied without prejudice to refiling once counsel is appointed. The litigation of petitioner's petition is stayed until counsel is appointed. Respondent shall not answer the petition at this time. The Court will revisit the issues of equitable tolling and the timing of respondent's answer as necessary after the Court appoints counsel to represent petitioner in the present action.

It is so ordered.

**DATED: 1/13/11**

*Saundra B Armstrong*
**Saundra Brown Armstrong**
**United States District Judge**

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JON SCOTT DUNKLE,

      Plaintiff,                       Case Number: CV06-04115 SBA

  v.                                   **CERTIFICATE OF SERVICE**

VINCENT CULLEN et al,

      Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
Federal Court Docketing
101 Second Street
Suite 600
San Francisco, CA 94105

Habeas Corpus Resource Center
303 Second Street, Suite 400 South
San Francisco, CA 94107

Conrad Petermann
Guardian Ad Litem
323 East Matilija Street
Suite 110, PMB 142
Ojai, CA 93023

Michael David Laurence
Habeas Corpus Resource Center
303 Second Street
Suite 400 South
San Francisco, CA 94107

Rene Antonio Chacon
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Dated: January 14, 2011

                                    Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk