Jon M. Sands
Federal Public Defender
District of Arizona
Jennifer Y. Garcia (AZ Bar No. 021782)
Jessica M. Salyers (AZ Bar No. 032702)
Assistant Federal Public Defenders
850 West Adams Street, Suite 201
Phoenix, Arizona  85007
jennifer_garcia@fd.org
jessica_salyers@fd.org
602.382.2816 Telephone
602.889.3960 Facsimile
Attorneys for Petitioner

Xavier Becerra
Attorney General of California
Rene Antonio Chacon (CA Bar No. 119624)
Supervising Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
rene.chacon@doj.ca.gov
415.510.3774 Telephone
415.703.1234 Facsimile
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON SCOTT DUNKLE,<br><br>    Petitioner,<br><br>vs.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 06-cv-04115-PJH<br><br>Death Penalty Case<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

      Pursuant to this Court's Order regarding a joint case management statement from the parties (ECF No. 17), Petitioner Jon Scott Dunkle and Respondent Ron Davis, through undersigned counsel, hereby submit their Joint Case Management Statement as follows.

## Procedural History

Mr. Dunkle's state habeas lawyer filed a motion for appointment of federal habeas counsel on Mr. Dunkle's behalf on June 30, 2006. (ECF No. 1.) The Court granted the motion and referred the request for counsel to the Court's selection board. (ECF No. 3.) While waiting for counsel to be appointed, Mr. Dunkle's state habeas lawyer filed a motion for equitable tolling based on the lack of counsel and Mr. Dunkle's continuing incompetency (ECF No. 7), and a protective petition for writ of habeas corpus (ECF No. 8). Respondent opposed the motion as premature, noting that Mr. Dunkle's competency was in question and that further action should await the appointment of federal habeas counsel. (ECF No. 10.) This Court stayed the proceedings and denied the motion for equitable tolling without prejudice until counsel was located and appointed for Mr. Dunkle. (ECF No. 11.) Undersigned counsel for Mr. Dunkle filed a motion for appointment in this case on February 1, 2018, upon the request of the Office of the Federal Public Defender for the Northern District of California. (ECF No. 14.) The Court granted counsel's motion (ECF No. 15), and ordered the parties to file this statement (ECF No. 17).

## Joint Request for Case Management Schedule

The parties have conferred and discussed the status of the case, Mr. Dunkle's current mental status, and the case file that Mr. Dunkle's counsel has collected thus far. Pursuant to that discussion, the parties have reached a tentative settlement agreement contingent upon action by the California Supreme Court in this case. Accordingly, the parties jointly request that the Court adopt the following case management schedule:

1.   On **June 22, 2018**, along with this statement, counsel for Mr. Dunkle will file a stipulated motion for court order, ordering that San Quentin State Prison provide Mr. Dunkle's counsel with a complete copy of his prison medical records, mental-health records, and the Central File (or "C-file"), containing the remainder of Mr. Dunkle's prison/offender records. This court order is necessary because Mr. Dunkle was deemed incompetent by the California state courts, and thus cannot provide a signed release to

federal habeas counsel. Counsel requires these records to understand the nature and scope of Mr. Dunkle's current mental- and physical-health conditions and the treatment he has received while in prison. Staff at San Quentin have indicated that a court order will be sufficient for counsel to receive Mr. Dunkle's records in the absence of a signed release.

2. Although counsel for Mr. Dunkle has been working diligently to obtain the case file from prior counsel, the files counsel has obtained thus far do not contain any portion of the clerk's transcript or the majority of the reporter's transcripts in this matter. Counsel for Respondent has agreed to retrieve his files from storage, have them scanned, and provide an electronic copy of those files to counsel for Mr. Dunkle by **September 30, 2018**.

3. After counsel for Mr. Dunkle receives the files from Respondent's counsel and San Quentin, they will require a period of time in which to review the files and familiarize themselves with the state-court proceedings and with Mr. Dunkle's records. Following this review and absent any unexpected findings, counsel for Mr. Dunkle will file an unopposed motion with this Court requesting a stay of the federal habeas corpus proceedings and permission to represent Mr. Dunkle in state court on a successive state habeas petition to be filed in the California Supreme Court. Counsel intends to file this motion **on or before April 1, 2019**—six months after they receive the court record from Respondent's counsel. During this time, counsel for Mr. Dunkle will also endeavor to obtain a new guardian ad litem for Mr. Dunkle if necessary.[1]

4. Following this Court's order on the unopposed motion for stay, counsel for Mr. Dunkle will file the proposed successive state habeas petition. This petition will raise a claim under California Penal Code § 1509(d) that Mr. Dunkle's mental-health condition renders him ineligible for a death sentence pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986), because he is permanently incompetent to be executed. Counsel intends to file this

---

[1] Mr. Dunkle's prior counsel, Conrad Petermann, was appointed as guardian ad litem for Mr. Dunkle in the initial state-habeas proceedings on July 24, 2002. However, this appointment was "for the limited purpose of preparing and pursuing defendant's [state] habeas petition." (*See* ECF No. 1, Ex. A at ¶ 2.)

successive petition and the necessary exhibits **within 60 days** of the Court's order authorizing the state-court representation. Counsel for Respondents will ask the California Supreme Court to waive any hearing and to decide the matter on the pleadings and record provided.

   5. During the pendency of the state-habeas proceeding, counsel for Mr. Dunkle will file status reports with this Court **every 60 days**.

   6. Following a decision by the California Supreme Court granting the successive petition and vacating Mr. Dunkle's death sentence, counsel for Mr. Dunkle will return to this Court and move to dismiss all sentencing or penalty related claims in the federal habeas corpus proceedings. Counsel for Mr. Dunkle, along with a guardian ad litem if necessary, will also make a determination at that time whether to pursue any of Mr. Dunkle's existing guilt-phase claims, move for leave to file an amended petition for federal habeas corpus relief alleging additional guilt-phase claims, or move to dismiss those claims as well. If for some reason the California Supreme Court denies the successive petition, counsel for both parties will alert the Court and jointly file a proposed briefing schedule for the federal habeas corpus proceedings.

   Respectfully submitted this 22nd day of June, 2018.

             JON M. SANDS
             Federal Public Defender

             Jennifer Y. Garcia
             Jessica M. Salyers
             Assistant Federal Public Defenders


             By /s/ Jennifer Y. Garcia
             Attorneys for Petitioner

XAVIER BECERRA
Attorney General of California
Rene Antonio Chacon
Supervising Deputy Attorney General


By /s/ Rene Antonio Chacon
Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2018, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>California Appellate Project
>Habeas Corpus Resource Center
>Habeas Capital Notification

I hereby certify that on this 22nd day of June, 2018, I served the attached document by mail on the following, who are not registered participants of the CM/ECF system:

>Conrad Petermann
>Guardian Ad Litem
>323 East Matilija Street
>Suite 110, PMB 142
>Ojai, CA 93023

/s/ Catherine Jacobs
Assistant Paralegal
Capital Habeas Unit